ON PETITION FOR REHEARING
WALKER, Chief Justice,
for the Court:
The petition for rehearing is granted. The original opinion in this case, rendered December 3, 1986, is withdrawn, and this opinion is substituted therefor.
Whit Dulin was charged by indictment with receiving stolen property valued in excess of one hundred dollars ($100.00). *898 At the conclusion of his trial in the Circuit Court of Panola County, Dulin was convicted and sentenced to a term of five (5) years, with two (2) years suspended pending good behavior. Because the evidence was insufficient as a matter of law to support a verdict of guilty of felonious receipt of stolen property, we remand for resen-tencing for misdemeanor receipt of stolen property.
Jack Ray, Jr., a farmer who lived near Sardis, Mississippi, raised and harvested hay for his own use and for sale. One afternoon in January of 1984, he noticed that a hole had been cut in his fence and that three (3) bales of hay had been stolen. On January 31, 1984, Ray swore out an affidavit in justice court, in which he set the total value of the three (3) bales at ninety dollars ($90.00). That affidavit was admitted into evidence at Dulin’s trial. Ray’s testimony at trial regarding the value of the stolen hay was inconsistent. When asked the going price on a bale of hay the size of those stolen, Ray responded, “Well, it depends on how bad a winter it is and what the demand is.... I’d say in the neighborhood of thirty-five dollars ($35.00) a bale.” Yet he admitted on cross-examination that some hay sold for less than thirty-five dollars ($35.00) per bale, and that he did not know what hay sold for on the open market in January of 1984.
Having carefully examined the record, we are of the opinion that the evidence in the case at bar was insufficient as a matter of law to support a finding beyond a reasonable doubt that the value of the hay was in excess of one hundred dollars ($100.00). Dorrough v. State, 437 So.2d 35 (Miss.1983); Landers v. State, 304 So.2d 641 (Miss.1974). Therefore, Dulin should have been sentenced for receiving stolen property of a value less than one hundred dollars ($100.00), i.e., the offense should have been punished as petit larceny. Miss. Code Ann. § 99-19-17 (1972); Miss.Code Ann. § 97-17-43 (1972) (punishment for petit larceny not to exceed three (3) months in county jail or $100.00 fine or both). See Bryant v. State, 427 So.2d 131 (Miss.1983) (where Bryant’s conviction was affirmed as to guilt but case was remanded for resen-tencmg where proof was insufficient to sustain conviction for crime charged but sufficient to sustain conviction for lesser included offense).
Dulin’s conviction of receiving stolen property is affirmed, but the cause is remanded for resentencing as misdemeanor receipt of stolen property.
PETITION FOR REHEARING GRANTED; CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING AS MISDEMEANOR RECEIPT OF STOLEN PROPERTY.
ROY NOBLE LEE and HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.