# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 2001-KA-00870-COA

**MICHAEL GREEN**                                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                             **APPELLEE**

| | |
|---|---|
| DATE OF TRIAL COURT JUDGMENT: | 05/22/2001 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | PHILLIP BROADHEAD |
| | THOMAS M. FORTNER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  JEAN SMITH VAUGHAN |
| DISTRICT ATTORNEY: | ELEANOR JOHNSON PETERSON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF SALE OF COCAINE AND SENTENCED TO SERVE THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER, WITHOUT PAROLE, PROBATION, REDUCTION OR SUSPENSION OF SENTENCE. |
| DISPOSITION: | AFFIRMED - 09/10/2002 |
| MOTION FOR REHEARING FILED: | 10/9/2002 |
| CERTIORARI FILED: | |
| MANDATE ISSUED: | |

BEFORE SOUTHWICK, P.J., LEE, AND MYERS, JJ.

LEE, J., FOR THE COURT:

### PROCEDURAL HISTORY AND FACTS

¶1. On or about November 3, 1999, Michael Green was arrested for selling cocaine to an undercover Jackson police officer. Green was indicted for sale of cocaine within 1000 feet of a public park. Prior to trial, he filed a motion to dismiss due to double jeopardy and also a motion to dismiss due to speedy trial violations, but the motions were denied. A Hinds County jury convicted him of this charge in March 2001,

and he was sentenced as an habitual offender to serve thirty years' imprisonment without the possibility of parole or early release. His sentence was not enhanced because the trial court found the State had failed to prove the sale was within 1000 feet of a public park. Green's post-trial motion for judgment notwithstanding the verdict or in the alternative a new trial was denied, and he now appeals to this Court.

¶2. On appeal, Green argues the following: (1) he was denied a speedy trial; (2) the trial court erred in allowing evidence of other crimes and in failing to require a limiting instruction; (3) the trial court erred in admitting the cocaine into evidence when a chain of custody was not established; (4) the trial court erred in refusing certain instructions concerning a lesser-included offense; (5) the sentence imposed is excessive; and (6) the verdict was against the overwhelming weight of the evidence. Finding no error with any of these issues, we affirm.

## DISCUSSION OF THE ISSUES

### I. WAS THE APPELLANT DENIED THE RIGHT TO A SPEEDY TRIAL?

¶3. With his first issue, Green argues the trial court erred in denying his motion to dismiss due to violation of his constitutional right to a speedy trial.

> Review of a speedy trial claim encompasses the fact question of whether the trial delay rose from good cause. Under this Court's standard of review, this Court will uphold a decision based on substantial, credible evidence. If no probative evidence supports the trial court's finding of good cause, this Court will ordinarily reverse. The state bears the burden of proving good cause for a speedy trial delay, and thus bears the risk of non-persuasion.

*DeLoach v. State*, 722 So. 2d 512 (¶12) (Miss. 1998) (citations omitted).

¶4. The United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972), employed a four pronged balancing test in determining whether a defendant had been deprived of his right to a fair trial. The four prongs are: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *Arthur v. State*, 735 So. 2d 213 (¶11) (Miss. 1999). We look to these factors as they apply to Green's case.

¶5. Green's constitutional right to speedy trial attached at the time of his arrest, which was November 3, 1999. From that date to the date of trial on March 1, 2001, 482 days or 16 months passed. The supreme court has said that a delay of more than eight months is presumptively prejudicial. *DeLoach*, 722 So. 2d at (¶16). This factor weighs in Green's favor.

¶6. The second factor requires that we look to the reason for the delay. "Once there is a finding that the delay is presumptively prejudicial, the burden shifts to the prosecution to produce evidence justifying the delay and to persuade the trier of fact of the legitimacy of these reasons." *DeLoach*, 722 So. 2d at (¶17). Neither side filed any motions for continuance, nor is there any specific accounting given for the delay. "Where the defendant has not caused the delay and the State does not show good cause for that delay, this Court weighs this factor against the prosecution." *Lee v. State*, 759 So. 2d 1264 (¶21) (Miss. Ct. App. 2000). We count this factor against the State.

¶7. The third factor concerns the defendant's assertion of his right to a speedy trial. Green filed his motion to dismiss for violation of his right to speedy trial the day before trial. "A defendant 'has no duty to bring

himself to trial . . . . Still he gains far more points under this prong of the *Barker* test where he has demanded a speedy trial.'" *Brengettcy v. State*, 794 So. 2d 987 (¶17) (Miss. 2001). In *Perry v. State*, 637 So. 2d 871 (Miss.1994), the supreme court noted that a motion for dismissal based on violation of right to speedy trial and a demand for speedy trial are not equivalent, with regard to the *Barker* analysis. *Perry*, 637 So. 2d at 875. *See also Adams v. State*, 583 So.2d 165, 169-70 (Miss.1991) (holding that demand for dismissal coupled with demand for instant trial is insufficient to weigh third *Barker* prong in defendant's favor where motion came after bulk of delay had elapsed). Here, we have no indication that Green ever filed a motion demanding a speedy trial, only that he filed a motion to dismiss prior to trial.

¶8. In *Spencer v. State*, 592 So. 2d 1382 (Miss. 1991), the supreme court stated the following:

> The third factor in the equation is afforded "strong evidentiary weight." "We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." Spencer's first and only assertion of his right to a speedy trial came only one day prior to trial . . . . This was 535 days following arrest . . . . [A] defendant has no duty to bring himself to trial. Further, the right to a speedy trial is not waived by silence. HOWEVER, this does not mean that the defendant has no responsibility to assert his right. The third *Barker* factor weighs against [the defendant].

*Spencer*, 592 So. 2d at 1387-88 (citations omitted). For the reasons stated, we find the third factor weighs against Green.

¶9. The fourth factor concerns prejudice suffered by the defendant. This includes prejudice in preparing his defense and loss of liberty he suffered due to the delay. *Perry*, 637 So. 2d at 876. "The Supreme Court has identified three main considerations in determining whether the accused has been prejudiced by lengthy delay: (1) preventing 'oppressive pretrial incarceration;' (2) minimizing anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired." *Jefferson v. State*, 818 So. 2d 1099 (¶21) (Miss. 2002). Green makes many broad claims concerning prejudice which resulted due to delay; however, the only specific way Green alleges he was prejudiced was he was "jailed for eighteen months without trial, [and] he was also unable to adequately prepare his case as it had been impaired, 'skew[ing] the fairness of the entire system.'" He cites the point that witnesses often cannot be located after long delays, but he fails to allege that this was the situation in his case. We also recognize that once Green was arrested on the current charge, the probation he was serving for a prior crime was revoked five months after his arrest, causing him to be incarcerated where he would not have been otherwise since he paid bail to get out of jail on the current charge. Green has failed to show any prejudice, and this factor weighs heavily in favor of the State.

¶10. Our final obligation under *Barker* is to weigh the factors. "The balancing test set forth in *Barker* must be applied on a case by case basis under the particular facts of the case under consideration." *Birkley v. State*, 750 So. 2d 1245 (¶30) (Miss. 1999). We found two factors to weigh in Green's favor, and two factors to weigh in the State's favor. While acknowledging that the length of delay was presumptively prejudicial and that the State offered no legitimate reason for the delay, we balance these findings with the fact that Green failed to demand a speedy trial and, importantly, failed to show any resulting prejudice. Viewing the totality of circumstances, we find that Green's right to speedy trial was not violated. There is no merit to this issue.

## II. DID THE TRIAL COURT ERR IN ALLOWING EVIDENCE OF OTHER CRIMES AND IN FAILING TO GIVE A LIMITING INSTRUCTION?

¶11. Green next argues that the State should not have been permitted to introduce evidence of Green's past criminal history, and a limiting instruction should have been given in this regard. Green recalls the following exchange between the prosecutor and Officer Virgil Finley:

> PROSECUTOR: Okay. When you were listening to the transaction between the undercover [officer] and the suspect, is there anything about the transmission that you were hearing that you thought was unique?
>
> OFFICER FINLEY: Pretty much the whole conversation. First off, just by the audio we had the general idea who the suspect was.
>
> PROSECUTOR: How was that?
>
> OFFICER FINLEY: From dealings with him in the past.

Thereafter, Green objected and moved for a mistrial. Green argued that this information was highly prejudicial and was presented to the jury without the court's opportunity to conduct a M.R.E. 403 balancing test. The prosecutor argued that she was questioning the officer to identify Green, which is an exception under M.R.E. 404. The judge denied the motion for mistrial.

> "This Court has repeatedly held that the granting of a motion for a mistrial is within the sound discretion of the trial judge." The reviewing court recognizes that the trial judge is in the best position to determine whether an objectionable remark has had any prejudicial effect. For this reason, the trial court is allowed considerable discretion in determining whether a remark was so prejudicial that it warrants a mistrial.

*Shipp v. State*, 749 So. 2d 300 (¶13) (Miss. Ct. App. 1999) (citations omitted). We note that the judge did not admonish the jury to disregard the statement, nor was any limiting instruction given; however, we find this error to be harmless.

¶12. In *McKee v. State*, 791 So. 2d 804 (¶23) (Miss. 2001), the officer testified that in the course of his admission, the defendant stated that he needed help because he was still on crack cocaine. Defense counsel immediately objected and moved for a mistrial, but the court overruled both motions. *Id.* In *McKee*, the trial court did not conduct the balancing test, nor did it offer to give a limiting instruction regarding the crack cocaine statement; nonetheless, the supreme court found this error to be harmless. *Id.*

> An error is harmless when it is apparent on the face of the record that a fair-minded jury could have arrived at no verdict other than that of guilty. This Court has previously held that "[w]here the prejudice from an erroneous admission of evidence dims in comparison to other overwhelming evidence, this Court has refused to reverse."

*McKee*, 791 So. 2d at (¶24) (citations omitted).

¶13. In the present case, in light of the overwhelming weight of evidence in support of the verdict, we find that any error which occurred as a result of Officer Palmer's statement was harmless. The evidence presented included a videotape of the transaction, Green's admission to the present charge (although he only admitted to selling a "dummy" wax piece of cocaine, not a real one), and testimony from officers who participated in the surveillance efforts. As occurred in *McKee*, we also recognize that the defendant

voluntarily referred to his own past convictions. *McKee*, 791 So. 2d at (¶26). We find no merit to this issue.

### III. DID THE TRIAL COURT ERR IN ADMITTING THE COCAINE INTO EVIDENCE?

¶14. Green argues that the trial court erred in admitting the cocaine into evidence because the chain of custody was not established. Specifically, Green points out that Officer Brad Harris, who purchased the rock from Green, testified that he did not write anything on the plastic bag containing the rock, nor on the tag attached to the bag. Additionally, Harris testified that the substance in the bag, which was several small rocks, did not resemble the substance he purchased from Green, which was one rock and which Harris had stated on the videotape he thought was "bunk" or fake crack. The State counters that Green has offered no evidence of tampering as to show the trial court abused its discretion in admitting the rock into evidence.

¶15. Green cites our standard of review from *Tran v. State*, 785 So. 2d 1112 (¶15) (Miss. Ct. App. 2001):

> The test for chain of custody is to find out whether there is any positive indication that the evidence has been tampered with or substituted. Whether conclusive evidence exists of any tampering or substitutions is left in the discretion of the trial court. This Court must review the decision of the trial court regarding this matter by ascertaining whether such discretion was abused.

(citations omitted). Reviewing the testimony presented, we find no positive indication of tampering or substitution. Officer McGowan testified that Officer Harris gave the rock to him and then put it in a bag. Officer McGowan also testified that, without removing the rock from the bag, he used a field test kit to determine that cocaine was present in the rock. Officer McGowan then sealed the bag, filled out the tag and delivered it to the evidence technician. He testified that he turned over the bag containing one rock, but that it was not unusual for the rock to break apart during testing. Using the test from *Tran*, Green has shown no evidence of tampering or substitution as would have provided the trial court any justification for ruling any differently than it did. As such, we find no abuse of discretion.

### IV. DID THE TRIAL COURT ERR IN REFUSING TO GIVE A LESSER-INCLUDED OFFENSE INSTRUCTION?

¶16. Green requested at trial that the court give two instructions which directed the jury that they could find him guilty of a lesser-included offense. Specifically, Green defends that, at most, he was guilty of "false representation of substance," in violation of Miss. Code. Ann. § 41-29-146 (Supp. 1999), which prohibits sale of a fake drug. He bases this defense on Officer Harris's testimony that, upon sale, Harris stated that at first he thought Green had sold him a piece of wax or "bunk" disguised as cocaine, since the rock was wet like bunk often was. This was Green's only evidence in support of his theory of defense, in addition to his own testimony that the rock sold was fake.

> When examining jury instructions refused by the trial court, we look at the evidence from the view of the party requesting the instruction. A party has the right to have his theory of the case presented to the jury by instructions, provided that there is credible evidence that supports that theory. The lower court enjoys considerable discretion regarding the form and substance of jury instructions. The principal concern is that the jury was fairly instructed and that it understood each party's theory of the

case.

*Brown v. State*, 768 So. 2d 312 (¶9) (Miss. Ct. App. 1999) (citations omitted). Concerning a lesser-included offense instruction, we look to the general rule:

> "If a 'rational' or a reasonable jury could find [the defendant] not guilty of the principal offense charged in the indictment yet guilty of the lesser-included offense," then the lesser included offense instruction should be granted. A lesser included offense instruction is warranted only where there is an evidentiary basis for it.

*Davis v. State*, 684 So. 2d 643, 656-57 (Miss. 1996). Whether or not credible evidence existed to support Green's theory is of no matter since his requested instruction incorrectly stated that false representation of a substance is a lesser-included offense of sale.

¶17. The crimes with which Green was charged included sale of cocaine in violation of Miss. Code Ann. § 41-29-139 (Rev. 2001), and Miss. Code Ann. § 41-29-142 (Rev. 2001), which allowed the sentence to be enhanced for sale within 1000 feet of a city park. The "prohibition of sale" statute includes the following explanation of elements:

> [I]t is unlawful for any person knowingly or intentionally: (1) To sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance; or (2) To create, sell, barter, transfer, distribute, dispense or possess with intent to create, sell, barter, transfer, distribute or dispense, a counterfeit substance . . . .

Miss. Code Ann. § 41-29-139 (Rev. 2001). Green claims that he was, at most, guilty of selling a fake rock of cocaine, in violation of Miss. Code Ann. § 41-29-146 (Rev. 2001), which states, "(1) It shall be unlawful for any person to sell, produce, manufacture, or possess with the intent to sell, produce, manufacture, distribute or dispense any substance which is falsely represented to be a controlled substance or which is falsely represented to be a counterfeit substance as defined in section 41-29-105 . . . ."

¶18. In *Shannon v. State*, 739 So. 2d 468 (¶10) (Miss. Ct. App. 1999) we addressed the issue concerning whether one offense is a lesser-included offense of another:

> In *Sanders v. State*, 479 So. 2d 1097, 1108 (Miss. 1985), the Mississippi Supreme Court set out the test for determining whether one offense is a lesser-included-offense of another. "[I]n order to authorize [a lesser- included-offense] instruction the more serious offense must include all the elements of the lesser offense, that is, it is impossible to commit the greater offense without at the same time committing the lesser included offense." Thus, possession of paraphernalia may be a lesser-included-offense of possession of cocaine only if all of the elements of possession of paraphernalia also include all of the elements of possession of cocaine. There is no comparison between the two. The State need not prove possession of drug paraphernalia to convict for possession of a controlled substance. Each offense has elements which are unique to that offense and exclusive to the other. Because possession of paraphernalia is not a lesser-included-offense of possession of cocaine no lesser-included-offense instruction can be given. Shannon was not entitled to a lesser-included-offense instruction.

(citations omitted). Here, just because Green may have been guilty of sale of cocaine does not necessarily mean he is also guilty of false representation of a substance. Thus, no lesser-included instruction was necessary. There is no merit to this issue.

## V. WAS THE SENTENCE IMPOSED ON THE APPELLANT EXCESSIVE?

¶19. Green was sentenced to serve thirty years' imprisonment as an habitual offender, and he complains on appeal that this sentence is excessive for sale of a single rock of cocaine, which he calls a "small-time" offense. He cites to federal law from California and statutory law from Alabama in support of his contention that his sentence was excessive. *See Andrade v. Attorney Gen'l of California*, 270 F.3d 743 (9th Cir. 2001)[1] and Ala. Code §§ 13A-12-211 (2001), 13A-5-6 (1977), 13A-5-9 (1977). We look to Mississippi law for our standard of review on this issue.

> "As a general rule, a sentence will not [be] disturbed on appeal so long as it does not exceed the maximum term allowed by statute." When the trial judge does impose a sentence within these statutory guidelines . . . the sentence will usually be upheld and will not be thought to invoke the Eighth Amendment right against cruel and unusual punishment.

*Maldonado v. State*, 796 So. 2d 247 (¶47) (Miss. Ct. App. 2001) (citations omitted).

¶20. Green cites to *Solem v. Helm*, 463 U.S. 277 (1983), in asking that we perform the three-part proportionality test to determine if his sentence was proportional to his crime. However, prior to conducting such analysis, we must first determine whether an inference of gross disproportionality exists. *Bell v. State*, 769 So. 2d 247 (¶10) (Miss. Ct. App. 2000). We do not find such inference exists here. Green was sentenced to the maximum allowable by law because he was an habitual offender, having twice previously been convicted of sale of cocaine. In *Boyd v. State*, 767 So. 2d 1032 (¶9) (Miss. Ct. App. 2000), this Court found that a sentence of thirty years without the possibility of parole for the sale of cocaine was not cruel and unusual punishment where the defendant was a habitual offender with prior convictions for burglary, grand larceny, and cocaine possession. Also, in *Bell* this Court upheld the trial court's sentence of thirty years as an habitual offender for the defendant who was convicted of sale of cocaine. *Bell*, 769 So. 2d at (¶16). We find no abuse in the judge's discretion in sentencing Green within statutory guidelines, and we affirm on this issue.

## VI. WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT AND SUFFICIENCY OF THE EVIDENCE?

¶21. Green finally argues that the trial court erred in denying his motion for directed verdict at the close of the State's case-in-chief and in denying his motion for judgment notwithstanding the verdict or in the alternative a new trial. We look to our standard of review with regard to both the weight and sufficiency of the evidence.

> A motion for a new trial will be granted when the weight of the evidence is so overwhelming that an unconscionable injustice would result if a new trial is not granted. It is well established that matters regarding the weight of evidence are to be resolved by the jury. As such, our scope of review is limited in considering challenges to the weight of the evidence. In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice . . . .

> A directed verdict and judgment notwithstanding the verdict both attack the sufficiency of evidence.

Our standard of review with regard to motions challenging the sufficiency of the evidence is well established. When reviewing the quantum of the evidence presented at trial on this matter, the question is whether reasonable and fair-minded jurors could have only found the defendant not guilty of the charges, where in the present case the jury found him guilty.

*Danner v. State*, 748 So. 2d 844 (¶¶7-8) (Miss. Ct. App. 1999) (citations omitted).

¶22. First, concerning the weight of the evidence, we examine whether or not an unconscionable injustice would result were we to allow the verdict to stand. Reviewing the evidence in a light favorable to the verdict, we find that those officers involved testified as to the transaction, the substance sold tested positive for the presence of cocaine, and Green himself testified that he did indeed sell the substance to the undercover officer. These facts all support the verdict; thus, we find the judge did not abuse his discretion in denying Green's motion for new trial.

¶23. Concerning the sufficiency of the evidence, we look to Green's request for directed verdict at the close of the State's case-in-chief and also to his motion for judgment notwithstanding the verdict in determining whether reasonable and fair-minded jurors could have only found Green not guilty. Reviewing the evidence presented at trial, we find that the jurors certainly had sufficient evidence to find Green guilty, including the officers' testimony, the videotape of the transaction and the confirmation that the item sold did contain cocaine. We find no merit to this issue.

¶24. **THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO HINDS COUNTY.**

**McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.**

1. U.S. Supreme Court granted certiorari on April 1, 2002, granting oral argument. *See Lockyer v. Andrade,* 122 S.Ct. 1434 (2002) (memo).