911 So.2d 1026 (2005)
Renata RICHARDSON a/k/a Renita Richardson and Lamesha Brown, Appellants
v.
STATE of Mississippi, Appellee.
No. 2004-KA-01661-COA.
Court of Appeals of Mississippi.
September 27, 2005.
*1027 Edward D. Lancaster, attorney for appellants.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before LEE, P.J., GRIFFIS and ISHEE, JJ.
LEE, P.J., for the Court.

PROCEDURAL HISTORY
¶ 1. Renita Richardson and Lamesha Brown were indicted and convicted for the aggravated assault of Tyronza Parker. Richardson was sentenced to serve ten years, with five years suspended and five years to serve in the custody of the Mississippi Department of Corrections. Brown was sentenced to serve ten years, with seven years suspended and three years to serve in the custody of the Mississippi Department of Corrections.
¶ 2. Both women now appeal their convictions, arguing the following two issues: (1) the trial court admitted improper testimony without having weighed the prejudice to the defendant against the probative value of the evidence, and without giving a sua sponte limiting instruction regarding the evidence; and (2) the trial court erred in not granting jury instruction D-3.
¶ 3. Finding no error, we affirm.

FACTS
¶ 4. Parker and Richardson lived with Parker's father in a house in Okolona. Both were students at a junior college near Jackson, and they had lived in the house for the previous five months. During the weekend of October 18, 2003, Parker, Richardson and Parker's cousin drove from school to the home. While en route, Richardson told Parker that she would be moving out, and Richardson began moving items as soon as the trio arrived at the house.
¶ 5. On October 25, 2003, Richardson and Brown paid a visit to Danielle Robinson, who Richardson suspected was having a relationship with Parker. When Richardson and Brown confronted her, she refused to respond to their accusations. In response, Richardson and Brown jumped on her and beat her up, telling her to warn Parker that he was next.
¶ 6. The next evening, Richardson visited Parker while he was preparing to return to school. Richardson and Parker began to argue, and Richardson sliced Parker with a box cutter. Parker fled the house and received fifty-two stitches at the local hospital.

*1028 STANDARD OF REVIEW
¶ 7. The standard of review for the admission of evidence is abuse of discretion. Smith v. State, 839 So.2d 489(¶ 6) (Miss.2003). When considering challenges to jury instructions, our standard of review requires the appellate court avoid considering instructions in isolation, but rather consider them as a whole for determining whether the jury was properly instructed. Comby v. State, 901 So.2d 1282, 1288(¶ 15) (Miss.Ct.App.2004). "Defects in specific instructions do not require reversal `where all instructions taken as a whole fairly although not perfectlyannounce the applicable primary rules of law.'" Burton ex rel. Bradford v. Barnett, 615 So.2d 580, 583 (Miss.1993) (citations omitted).

DISCUSSION OF ISSUES

I. DID THE TRIAL COURT ERR IN ADMITTING TESTIMONY REGARDING PRIOR BAD ACTS WITHOUT ISSUING A SUA SPONTE LIMITING INSTRUCTION?
¶ 8. On appeal, Richardson and Brown argue that the trial court improperly admitted evidence of prior bad acts and failed to give a sua sponte limiting instruction regarding the testimony. Although Richardson and Brown provide a fifteen page summary of all the testimony presented at trial, it appears that Richardson and Brown are appealing the admission of certain testimony by Danielle Robinson. At the trial, Robinson testified that the weekend prior to the assault on Parker, Richardson and Brown attacked her and told her that she should warn Parker because he was next.
¶ 9. Proof of another crime or act is admissible where necessary to identify the defendant, to prove motive, or to prove state of mind. Brown v. State, 890 So.2d 901, 912(¶ 32) (Miss.2004) (citing Duplantis v. State, 644 So.2d 1235, 1246 (Miss.1994)). The Mississippi Supreme Court recently ruled that when evidence is admitted under M.R.E. Rule 404(b), counsel must request a limiting instruction to address such evidence. Brown, 890 So.2d at 913(¶ 36). Hence, under Brown, the trial court must no longer issue a limiting instruction sua sponte. Id. Decisions of this Court should be presumed to have retroactive effect unless otherwise specified. Morgan v. State, 703 So.2d 832, 839 (Miss.1997). Richardson and Brown's contention regarding the trial court's failure to grant a limiting instruction lacks merit.
¶ 10. Regarding the trial court's failure to conduct an on the record balancing test, we look to McKee v. State, 791 So.2d 804 (Miss.2001). In McKee, the trial court failed to conduct an M.R.E. Rule 403 balancing test on the record when presented with testimony regarding the defendant's drug use. Our supreme court found that the error was harmless because the evidence of McKee's guilt was overwhelming. Id. at 810(¶ 24). An error is harmless when it is apparent on the face of the record that a fair-minded jury could have arrived at no verdict other than that of guilty. Id. (citing Floyd v. City of Crystal Springs, 749 So.2d 110, 120(¶ 37) (Miss. 1999)). Furthermore, "[w]here the prejudice from an erroneous admission of evidence dims in comparison to other overwhelming evidence, this Court has refused to reverse." McKee, 791 So.2d at 810(¶ 24) (citing Carter v. State, 722 So.2d 1258, 1262(¶ 14) (Miss.1998)). From the record before this Court, it is clear that the evidence of Richardson's and Brown's guilt was overwhelming and that a jury could have arrived at no other conclusion than guilty.
¶ 11. Parker testified that Richardson and Brown attacked him with a box cutter *1029 and something "like a straight blade." Marilyn Hughes, a friend of Richardson's, testified that Richardson called her thirty to forty minutes after the attack and told her that "she had cut him because he was cheating on her with somebody." Additionally, Officer Dwight Parker of the Okolona Police Department testified that Richardson told him she cut Parker. Brown made a statement to the police that she ran into the room and saw Parker on top of Richardson and she shoved him off of her. Richardson signed a statement that she and Parker began to argue and she grabbed a box cutter and stabbed him. Clearly there was sufficient evidence that Richardson and Brown assaulted Parker, even without Robinson's testimony. This contention lacks merit.

II. DID THE TRIAL COURT ERR IN FAILING TO GRANT JURY INSTRUCTION D-3?
¶ 12. In their next issue, Richardson and Brown contend that the trial court erred in failing to grant jury instruction D-3, which provided, in pertinent part, as follows:
1. The Court instructs the Jury that the Defendant, [sic] is competent to testify as witness in his own behalf [sic], and
2. That the testimony of the Defendant should be considered as that of any other witness you have heard in the case and given such weight, faith and credit as you think proper.
¶ 13. In reviewing a challenge to jury instructions, the instructions actually given must be read as a whole. Williams v. State, 803 So.2d 1159(¶ 7) (Miss.2001). When read as a whole, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found. Id. Our supreme court has held that "defendants are not entitled to an instruction which informs the jury that the defendant is a competent witness in his own behalf." Baker v. State, 391 So.2d 1010, 1012 (Miss.1980). In so holding, the Court reasoned that the defendant's:
competency as a witness was evident by his appearance on the witness stand. If he had not been competent, he would not have been permitted to testify. There is no sound reason for a trial to instruct a jury that any witness, including the defendant is a competent witness. The jury, in its search for truth, is the sole judge of the worth and weight of the testimony of any witness, and should be free to make this judgment without instructions singling out or pointing to any particular witness stating such witness is competent.
Id. This holding has been affirmed in Outlaw v. State, 797 So.2d 918(¶ 17) (Miss. 2001), and, most recently, in Bownes v. State, 861 So.2d 1061(¶ 9) (Miss.Ct.App. 2003). After reviewing the record, it is clear that the jury instructions properly announced the law and created no injustice to Richardson and Brown. We find this issue to be without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF CHICKASAW COUNTY OF CONVICTION OF RENATA RICHARDSON A/K/A RENITA RICHARDSON OF AGGRAVATED ASSAULT AND SENTENCE OF TEN YEARS WITH FIVE YEARS SUSPENDED AND FIVE YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAY $100 TO THE VICTIM's COMPENSATION FUND, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CHICKASAW COUNTY.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF CHICKASAW *1030 COUNTY OF CONVICTION OF LAMESHA BROWN OF AGGRAVATED ASSAULT AND SENTENCE OF TEN YEARS WITH SEVEN YEARS SUSPENDED AND THREE YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAY $100 TO THE VICTIM's COMPENSATION FUND, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CHICKASAW COUNTY.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.