767 So.2d 1032 (2000)
Jimmy BOYD a/k/a Jimmie Boyd a/k/a Jimmie J. Boyd a/k/a Jimmy Jerome Boyd a/k/a Jimmie Jerome Boyd, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-01338-COA.
Court of Appeals of Mississippi.
August 1, 2000.
Rehearing Denied September 26, 2000.
David L. Walker, Southaven, Attorney for Appellant.
Office of the Attorney General by Scott Stuart, Attorney for Appellee.
BEFORE McMILLIN, C.J., LEE, AND THOMAS, JJ.
McMILLIN, C.J., for the Court:
¶ 1. A jury in the Circuit Court of Yalobusha County convicted Jimmy Boyd of *1033 sale of cocaine. Boyd was sentenced as a habitual offender to thirty years in the department of corrections without the possibility of parole. Boyd has appealed on two issues. He claims (a) that the verdict was against the weight of the evidence and (b) that, even assuming the propriety of his conviction, the resulting sentence was so severe as to constitute constitutionally barred cruel and unusual punishment. We find both issues to be without merit and affirm.

I.

Facts
¶ 2. Clarence Rowsey testified that, while working as a confidential informant under close supervision of local law enforcement officers, he was able to purchase a substance claimed to be crack cocaine from a person he identified to be the defendant, Jimmy Boyd. A videotape of the transaction was played for the jury and an agent with the Mississippi Bureau of Narcotics who had conducted the undercover operation testified to his familiarity with Boyd and that Boyd was, in fact, the person seen in the videotaped transaction. By proper evidence of the chain of custody, the substance obtained from Boyd was shown to have been delivered to a forensic scientist, who testified that the material delivered to him tested positive for cocaine.
¶ 3. Boyd, testifying in his own defense, admitted that the confidential informant came to his house asking to buy drugs, but Boyd claimed to have told him he did not have any for sale. Boyd said Rowsey then handed him five dollars in cash in satisfaction of a pre-existing gambling debt. Boyd initially admitted that he was the individual depicted on the videotape; however, after viewing the videotape from a closer vantage point, he claimed that he was not even the individual appearing in the video. After hearing all of the evidence, the jury found Boyd guilty of sale of cocaine. The trial court denied Boyd's new trial motion claiming, among other things, that the verdict was against the weight of the evidence, and this appeal ensued.

II.

Weight of the Evidence
¶ 4. As his first assignment of error, Boyd claims that the verdict is against the overwhelming weight of the evidence. He argues that Rowsey was not a credible witness because he admitted that his motivation for taking part in the undercover operation was that he was getting paid. As a result, Boyd asserts that the jury should have rejected the testimony of the confidential informant and accepted his own equally plausible version of the events.
¶ 5. The contention that the verdict is against the overwhelming weight of the evidence is a challenge to the trial court's denial of a motion for a new trial. Carter v. State, 743 So.2d 985 (¶ 24) (Miss. 1999). The decision to grant a new trial is entrusted to the sound discretion of the trial court. Id. A new trial should be granted only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would constitute an unconscionable injustice. Id. at 989 (¶ 25). When reviewing a trial court's denial of a motion for a new trial, this Court must consider the evidence in the light most favorable to the verdict. Herring v. State, 691 So.2d 948, 957 (Miss. 1997). We must also remain mindful that it is the jury's responsibility to resolve conflicts in the evidence and to decide what weight to give the evidence and what credibility to ascribe to the various witnesses. Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). This Court can only reverse upon finding that the trial court has abused its discretion in denying the new trial motion. Id.
¶ 6. In this case, Rowsey freely testified that he decided to become a confidential informant because he needed the *1034 money. At least arguably, this admission could be an indication of bias or prejudice in favor of the State. M.R.E. 613. Nevertheless, this form of impeachment does not necessarily destroy the probative value of the witness's testimony. Rather, it is merely a matter for the jury to consider in determining the worth of the testimony. The jury decided to convict even after being made aware of the confidential informant's motivation, and we do not see any appropriate basis to intercede and substitute our own view, whatever that view might be, as to Rowsey's credibility. That is simply a matter not within the province of an appellate court. Mamon v. State, 724 So.2d 878 (¶ 13) (Miss.1998). Viewing the evidence in its totality, we do not think that a persuasive argument can be mounted that the verdict in this case was against the overwhelming weight of the evidence. Accordingly, this assignment of error is without merit.

III.

Sentence
¶ 7. Relying on the recently decided case of White v. State, Boyd asserts that his sentence of thirty years in the custody of the Mississippi Department of Corrections without the possibility of parole constitutes cruel and unusual punishment. White v. State, 742 So.2d 1126 (Miss.1999). In White, the defendant, a first time offender, was sentenced to sixty years in prison for the sale of one rock of cocaine within 1,500 feet of a church. Id. at (¶ 33). White appealed, asserting that his sentence constituted cruel and unusual punishment. Id. at (¶ 32). The Mississippi Supreme Court noted that, as a general rule, a sentence that does not exceed the maximum sentence permitted by statute will not be overturned on appeal. Id. at (¶ 35). However, after analyzing White's sentence on Eighth Amendment proportionality grounds, the supreme court expressed the view that a sixty year sentence was excessive for a first time offender who sold a small amount of cocaine. Id. at (¶ 46). As a result, the court vacated White's sentence and remanded the case to the trial court for reconsideration of the sentence. Id. at (¶ 49).
¶ 8. Section 41-29-139 of the Mississippi Code provides that a person who is convicted of sale of cocaine may be "imprisoned for not more than thirty (30) years" and shall be fined "not less than Five Thousand Dollars ($5,000) nor more than One Million Dollars ($1,000,000), or both." Miss.Code Ann. § 41-29-139 (Supp.1999).
¶ 9. The trial court in this case had the benefit of the supreme court opinion in White when it held Boyd's sentencing hearing. The court conducted an on-the-record proportionality analysis in which it specifically took into account the issues discussed in White. The trial court distinguished the facts in this case from those in White, noting that Boyd was a habitual offender with prior convictions for burglary, grand larceny, and cocaine possession, in contrast to White's first-offender status. In imposing a sentence of thirty years without the possibility of parole, the court simply acted on the provisions of the habitual offender statute that require a habitual offender to be sentenced to the maximum term of imprisonment provided for the crime without eligibility for parole. Miss. Code Ann. § 99-19-81 (Rev.1994). In actuality, because Boyd was a repeat drug offender, the trial court could have doubled Boyd's sentence to sixty years without parole without exceeding the statutorily permissible sentencing maximum. Miss.Code Ann. § 41-29-147 (Rev.1993). The trial court decided not to double Boyd's sentence, indicating the court's feeling that justice would best be served without doubling Boyd's already substantial punishment. We have reviewed the trial court's reasoning in imposing the sentence that it did, which included an in-depth analysis of the pertinent issues touching on matters of proportionality in sentencing. After that review, we are unable to conclude, based on (a) the defendant's history of criminal misconduct, (b) the nature of the offense, *1035 and (c) the clearly-apparent intention of the Mississippi Legislature that crimes involving illicit drugs be severely punished, that a sentence of thirty years without possibility of parole is so harsh as to constitute the kind of cruel and unusual punishment proscribed by the Eight Amendment of the Constitution of the United States.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF YALOBUSHA COUNTY OF CONVICTION OF SALE OF COCAINE AS A HABITUAL OFFENDER AND SENTENCE OF THIRTY YEARS TO RUN CONSECUTIVE TO THE SENTENCE IN CR 98-11-B-Y2 AND FINE OF $5000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YALOBUSHA COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.