GRIFFIS, J.,
for the Court.
¶ 1. Timothy McNeal was convicted on two counts of the transfer of a controlled substance in the Circuit Court of Harrison County. He was sentenced to serve two thirty year terms, to run concurrently, in the custody of the Mississippi Department of Corrections. On appeal, McNeal argues that the trial court erred in denying his constitutional right to a speedy trial and that his sentence was excessive. We find no error and affirm.
FACTS
¶2. On May 5, 2000, Timothy McNeal sold $300.00 worth of cocaine to “Jamie.” Later, it was determined that “Jamie” was Agent Steve Maxwell, a buyer working under the authority of Mississippi Bureau of Narcotics. A second sale took place between McNeal and “Jamie” on June 7, 2000, but this time, the sale totaled $550.00. Subsequently, a warrant was issued for McNeal’s arrest. McNeal was arrested on these charges when he was stopped for a traffic violation in April of 2001. However, the drug charges were dismissed, and McNeal posted bond on the misdemeanor traffic violation on April 11, 2001.
¶ 3. A grand jury indicted McNeal on the same two drug charges on July 30, 2001. However, McNeal could not be located by the police until September 4, 2002, when he was arrested. McNeal was arraigned on these charges on October 7, 2002.
¶ 4. Several continuances were requested prior to the commencement of McNeal’s trial, by both the prosecution and the defense. On January 13, 2003, a joint continuance was requested in order to retest the drugs involved in the two transactions. The prosecution moved for their first continuance on January 24, 2003, because one of their witnesses was not available to testify. A second continuance was requested by the prosecution on March 13, 2003, requesting additional time for the lab results to be prepared for trial. A joint continuance was filed again on May 27, 2003, because McNeal could not be found within the Harrison County jail. On June 2 and 9, 2003, the defense moved for a continuance to have additional time to review audio tapes. Later in the month, on June 23, 2003, the defense moved again for a continuance because McNeal changed his mind from pleading guilty and now wanted a trial.
¶ 5. This matter finally proceeded to trial on August 28, 2003. McNeal testified that he did not know “Jamie” nor had he ever seen Agent Maxwell until April of 2001, when Maxwell visited him in jail. McNeal denied being involved in the transaction. However, Agent Maxwell testified that there was no doubt in his mind that he purchased cocaine from McNeal on both May 5, 2000, and again on June 7, 2000. The jury found McNeal guilty.
ANALYSIS

I. Whether the trial court erred in denying McNeal’s motion to dismiss based on the lack of a speedy trial.

¶ 6. A criminal defendant’s constitutional right to a speedy trial is guaranteed by the Sixth Amendment of the United States Constitution. This constitutional right attaches, and time begins to run, upon the defendant’s arrest. Black v. State, 724 So.2d 996, 1001(¶ 14) (Miss.Ct.App.1998) (citing Handley v. State, 574 So.2d 671, 674 (Miss.1990)). When the constitutional right to a speedy trial attaches, we are required to apply the balancing test announced in Barker v. Wingo, *585 407 U.S. 514, 92 S.Ct. 2182, 38 L.Ed.2d 101 (1972), to determine if the right to speedy trial has been denied. Smith v. State, 550 So.2d 406, 408 (Miss.1989). The Barker factors, which must be balanced in light of the totality of circumstances, are: (1) length of delay, (2) reason for delay, (3) the defendant’s assertion of his right to speedy trial and (4) prejudice resulting to the defendant. Barker, 407 U.S. at 530, 92 S.Ct. 2182. No one factor is dispositive, but rather all factors will be considered together. Adams v. State, 583 So.2d 165, 167 (Miss.1991).

1. Length of Delay

¶ 7. Length of delay is considered to be the triggering mechanism for an inquiry into the other factors. “Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.” Barker, 407 U.S. at 530, 92 S.Ct. 2182. The Mississippi Supreme Court has consistently held that a presumption of prejudice will arise after a delay of eight months or longer. Atterberry v. State, 667 So.2d 622, 626 (Miss.1995); Smith, 550 So.2d at 408.
¶ 8. The time of “accusation” is at the time of a formal indictment, information, or arrest. Felder v. State, 831 So.2d 562, 567-68(¶ 12) (Miss.Ct.App.2002). McNeal was arrested on two separate occasions for the same charges. He was first arrested first on April 7, 2001, but the charges were immediately dropped. “[T]he Speedy Trial Clause has no application after the government, acting in good faith, formally drops charges.” De La Beckwith v. State, 707 So.2d 547, 569(¶ 71) (Miss.1997) (quoting United States v. MacDonald, 456 U.S. 1, 7, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982)). Therefore, the first arrest should not be used as a starting date of when McNeal’s constitutional right attached.
¶ 9. On July 30, 2001, the grand jury returned a formal indictment against McNeal. This indictment resulted in McNeal’s second arrest on September 4, 2002. McNeal’s constitutional right to a speedy trial can be measured from either date. Felder, 831 So.2d at 568(¶ 12). From the date of the indictment (July 30, 2001) to the date of the trial (August 28, 2003), approximately two years and one month elapsed. From the date of the arrest (September 4, 2002) and the date of the trial (August 28, 2003), almost one year elapsed. Therefore, since either date establishes that the interval between formal accusation and trial was longer than eight months, we find that there is a presumption of prejudice against McNeal. Smith, 550 So.2d at 408. Therefore, the first factor of the Barker balancing analysis is triggered, weighing against the State.

2. Reason for delay.

¶ 10. The State shoulders the responsibility of bringing the defendant to a speedy trial. Turner v. State, 383 So.2d 489, 490 (Miss.1980). However, when the defendant causes a delay, he cannot complain and obtain relief. Poole v. State, 826 So.2d 1222, 1228(¶ 17) (Miss.2002) (citing Perry v. State, 419 So.2d 194, 199 (Miss.1982)).
¶ 11. We examine the reasons for the delay. Seven continuances were requested. The prosecution requested two. McNeal’s attorney requested three. There were two joint continuances filed. However, we find that McNeal contributed to at least one of the State’s requests for continuances. McNeal’s involvement in the plea bargaining caused delay. McNeal began the negotiations with the intent to enter a guilty plea and later changed his mind to proceed with the trial. Thus, this *586 continuance was certainly reasonable as to allow time to prepare for trial. In his briefs to this Court, McNeal admits to causing some of the delay in his requested continuances. “If the defendant is the cause of the delay, he cannot complain thereafter.” Reed v. State, 506 So.2d 277, 281 (Miss.1987).
¶ 12. We find that the majority of the reasons for the delay prevent this factor from weighing against the State. Thus, we find that this factor weighs against McNeal.

S. Assertion of the Right

¶ 13. This Court has consistently held that a defendant has some responsibility to assert this right. Wiley v. State, 582 So.2d 1008, 1012 (Miss.1991). McNeal filed a motion for a speedy trial on October 7, 2002. He also filed a motion to dismiss on August 28, 2003 (the day his trial commenced), arguing that his right to a speedy trial had been violated. McNeal did indeed assert his right to a speedy trial. Therefore, we find this factor to weigh in favor of McNeal and against the State.

A Prejudice to the Defendant

¶ 14. Prejudice is assessed in light of three interests concerning the defendant which the right to a speedy trial is designed to protect: (1) the prevention of oppressive pre-trial incarceration, (2) limitation of the possibility of impairment of defense, and (3) the minimization of anxiety and concern of the accused. Barker, 407 U.S. at 532, 92 S.Ct. 2182. However, McNeal does not directly assert any of the three as support. Rather, McNeal admits in his briefs to this Court that “this record contains little evidence of prejudice.” His argument is that he was prejudiced because he was not aware of the pending charges against him. It is McNeal’s position that his defense was prejudiced since he did not have a detailed recollection of the circumstances surrounding the incidents from which he was charged.
¶ 15. We find no indication of prejudice arising from the delay. McNeal argued neither at the trial court, nor here, that he lost witnesses or that evidence was destroyed because of the delay. He merely asserts that his hazy memory supports a finding of prejudice. If there is no intentional delay and no obvious prejudice, the balance is in favor of rejecting the speedy trial claim. Rhymes v. State, 638 So.2d 1270, 1275 (Miss.1994). Accordingly, McNeal’s argument fails to establish the requisite prejudice.

5. Balancing of the Barker factors

¶ 16. We have weighed the Barker factors and find that McNeal was not denied his right to a speedy trial. This Court considers the initial presumption of prejudice, that of the two years and one month between the indictment and trial, in McNeal’s favor. However, despite such a finding, we do not find that prejudice resulted to McNeal’s defense because of this delay. McNeal certainly contributed to the delay through his plea bargaining efforts and his multiple requests for a continuance. McNeal’s assertions of prejudice centered on his inability to recall specific details surrounding the sales which might aid his defense. This argument does not suffice.
¶ 17. Considering all the Barker factors under the totality of circumstances, in addition to the evidence presented against McNeal, this Court finds that the initial presumption of prejudice has been overcome. No violation of McNeal’s right to a speedy trial resulted. Accordingly, we affirm the judgment of the circuit court.

*587
II. Whether the delay of prosecution violated the due process, equal protection, and fundamental fairness provisions of the federal and state constitutions.

¶ 18. McNeal next contends that his due process and equal protection rights were violated by the delay in his prosecution. The relevant time period is the interval between the first dismissal of the charges (April 10, 2001) and the indictment (July 30, 2001), which totaled a mere three months. Accordingly, this interval is controlled by due process considerations and the applicable statutes of limitations. De La Beckwith, 707 So.2d at 568(¶ 71).
¶ 19. The burden of persuasion when considering whether a pre-indictment due process violation exists is on McNeal. Hooker v. State, 516 So.2d 1349, 1351 (Miss.1987) (citing United States v. Hendricks, 661 F.2d 38, 40 (5th Cir.1981)). McNeal must show that the pre-indictment delay caused actual prejudice to him, and such delay was an intentional device used by the government to obtain a tactical advantage over the accused. De La Beckwith, 707 So.2d at 569(¶ 77).
¶ 20. McNeal has shown no due process or equal protection violation in this case. As previously noted, the case before us was delayed in the trial court due to a series of continuances. Several of the continuances were requested by McNeal’s attorney. There is no evidence that the State intentionally delayed prosecution to gain tactical advantage. Therefore, we find this issue to lack merit.

III. Whether the trial court erred in sentencing McNeal under the habitual offender stahvte.

¶ 21. McNeal argues that the trial court erred in sentencing him to the maximum term of imprisonment as a habitual offender. Mississippi Code Annotated Section 99-19-81 (Rev.2000) provides:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
¶ 22. The record indicates that McNeal was convicted of two prior felonies. The trial court took judicial notice of McNeal’s prior felony convictions at his sentencing hearing. The prosecution introduced a “pen packet” which served as competent evidence of McNeal’s two prior convictions. Estelle v. State, 558 So.2d 843, 848 (Miss.1990); Duplantis v. State, 708 So.2d 1327, 1347 (¶ 101) (Miss.1998).
¶ 23. In 1990, McNeal was convicted of burglary and received a sentence of five years. In 1992, McNeal was convicted of burglary for the second time and sentenced to one year. McNeal had been convicted of two separate felonies at two separate times, and he had been sentenced to one year or more. Therefore, the trial court did not err in sentencing defendant as an habitual offender pursuant to Section 99-19-81.
¶ 24. Furthermore, McNeal’s sentence was within the discretion of the trial court, and we will not review it since it was within the statutory guidelines. Williams v. State, 784 So.2d 230, 235(¶ 12) (Miss.Ct. *588 App.2000). McNeal was convicted on two counts of the transfer of a controlled substance. Mississippi Code Annotated Section 41-29-139(b) (Rev.2001) provides that the maximum sentence for each violation is thirty years.
¶ 25. In the final part of McNeal’s argument, he maintains that a Solem review is necessary in this case. A Solem review is used when a gross dispro-portionality of the crime committed and the sentence imposed is present. White v. State, 742 So.2d 1126, 1135(¶ 37) (Miss.1999). The gravity of the crime, as compared with sentences imposed on other defendants for the same crime in the same jurisdiction and with sentences imposed in surrounding jurisdictions constitute the three prongs of the disproportionality test, outlined by the United States Supreme Court to determine whether a sentence violated the Eighth Amendment prohibition against cruel and unusual punishment. Solem v. Helm, 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Solem was subsequently modified to hold that the Eighth Amendment does not guarantee proportionality. Harmelin v. Michigan, 501 U.S. 957, 965, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). Only punishments that are grossly disproportional to the crime will be reviewed under the Solem test. Id. at 1005, 111 S.Ct. 2680.
¶ 26. The necessary first step in reviewing a claim of excessive punishment is to compare the sentence imposed to the crime charged. Hoops v. State, 681 So.2d 521, 538 (Miss.1996). As a threshold to further inquiry, the petitioner must show that the sentence imposed is “grossly disproportional” to the crime charged. Id. Without such an initial showing, we never advance to the three-prong Solem analysis. Id.
¶27. McNeal was convicted on two counts of the transfer of a controlled substance which carries a maximum penalty of thirty years imprisonment. This crime carries such a heavy potential penalty, because it was the intention of the Mississippi Legislature for drug crimes to be severely punished. Stromas v. State, 618 So.2d 116, 123 (Miss.1993). The thirty year sentence is within the statutory parameters and is not grossly disproportionate to the crime. Thus, the threshold requirement not having been met, the Solem analysis is inapplicable.
¶ 28. Based on McNeal’s history of criminal misconduct and the nature of the offense, we are unable to conclude that McNeal’s sentence of thirty years without the possibility of parole constitutes cruel and unusual punishment proscribed by the Eighth Amendment. See Boyd v. State, 767 So.2d 1032 (Miss.Ct.App.2000). As such, we find no reversible error and affirm the judgment of the trial court.
¶ 29. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION ON COUNTS I AND II OF TRANSFER OF A CONTROLLED SUBSTANCE AND SENTENCES OF THIRTY YEARS EACH, WITH SENTENCES TO RUN CONCURRENTLY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, CONCUR.