742 S.E.2d 878

**The STATE, Respondent,**

**v.**

**Brian K. SPEARS, Appellant.**

**Appellate Case No. 2010–162287.**

**No. 5119.**

Court of Appeals of South Carolina.

Heard Jan. 17, 2013.

Decided April 17, 2013.

Rehearing Denied June 13, 2013.

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Attorney General Brendan Jackson McDonald, all of Columbia, and J. Gregory Hembree, of Conway, for Respondent.

PIEPER, J.

Brian K. Spears appeals his convictions for murder and three counts of assault and battery with intent to kill (AB-WIK). On appeal, Spears argues the trial court improperly admitted evidence of a prior shooting incident between Spears and Aaron Hammonds (Victim) that occurred one month before Victim was killed. Spears contends the trial court failed to conduct a balancing test to determine if the probative value of the prior shooting testimony was substantially outweighed by the danger of unfair prejudice to Spears. We remand.

**FACTS**

On May 27, 2007, Victim was fatally shot on Ocean Boulevard in Myrtle Beach. Upon responding to the scene, Detective Michael Hull interviewed eyewitnesses. Detective Hull

created a composite of the suspected shooter that resembled Jeffrey Bethea. After seeing the composite on the news, Bethea turned himself in to the police. Bethea told Detective Hull that Spears and Nathaniel Douglas were responsible for Victim's death. Thereafter, Bethea, Spears, and Douglas were each charged with murder and three counts of ABWIK. As part of an agreement with the State, Bethea pled guilty to voluntary manslaughter. As a result of Bethea's plea, Douglas and Spears became codefendants in the case.

During pretrial motions, the solicitor argued Victim's death was a gang-related revenge killing. The solicitor contended that Victim's death was connected to the murder of Eric Floyd. Prior to his murder, Victim pled guilty to accessory after the fact in connection with Floyd's murder and served a four-year sentence. Approximately one month after Victim was released from prison, Spears allegedly shot Victim in a Wal–Mart parking lot in North Carolina. Spears argued any introduction of gang evidence would be prejudicial under Rule 403, SCRE. The trial court asked the solicitor "what about the shooting the month before, was, is there some way to connect that with this gang as well ... I'm just wondering are you going to be able to get that in." The solicitor responded that she would not know if she could lay the foundation for the Wal–Mart shooting until Danyell Hammonds' testimony was proffered. Spears then argued testimony about the Wal–Mart shooting should be excluded because it was hearsay and because there was not clear and convincing evidence of the shooting as required by Rule 404(b), SCRE. Upon completion of the arguments, the trial court found the gang affiliation evidence was relevant and the probative value of the gang affiliation evidence was not substantially outweighed by any danger of unfair prejudice it might have caused. Spears then questioned whether the trial court ruled on the admissibility of the shooting incident at Wal–Mart. The trial court, in response to Spears' question about the Wal–Mart shooting, took the matter under advisement and withheld its ruling pending the presentation of evidence at trial.

After the trial began, the court held an in camera hearing to proffer the testimony of Hammonds, Victim's sister, who intended to testify regarding Victim's statements about the Wal–Mart shooting. Hammonds testified that one month

before Victim was fatally shot, Victim told her "Bos" shot him outside of a Wal–Mart in North Carolina. Hammonds indicated she knew Bos to be Spears.[1] According to Hammonds, Victim and Lemark Irons came to her house and ran to her room where she saw wet blood on Victim's shirt. Hammonds explained that she believed the shooting had just occurred because the blood in Victim's hand was still wet. Hammonds testified that Spears was a member of the 41–Curve gang and Victim was a member of the East Side Blood gang. Hammonds also testified a group of 41–Curve members told her that they were "going to get" Victim.

The trial court expressed its concerns that Hammonds' testimony was hearsay and questioned the solicitor about how she would get Hammonds' testimony regarding the Wal–Mart shooting admitted into evidence. Before the solicitor responded, Spears argued against introducing Hammonds' testimony of the prior shooting incident, stating "it's a 4[04](B) issue. My client has not been convicted of it. It's a prior bad act. It's not clear and convincing evidence of his guilt of it." Spears also argued that the testimony was hearsay and "taking it together with the whole more prejudicial than probative thing and you've got my argument." The solicitor then argued Victim's testimony fell under the excited utterance hearsay exception.

Before adjourning for the night, the trial court discussed with Spears and the solicitor whether Hammonds' testimony was hearsay. The next day, Spears renewed his Rule 403, SCRE, argument. After further discussion on whether Hammonds' testimony was hearsay, the trial court admitted Hammonds' testimony about the Wal–Mart shooting under the excited utterance exception to hearsay. Next, the solicitor proffered the video of the Wal–Mart shooting to introduce Hammonds' testimony as prior bad act evidence pursuant to Rule 404(b), SCRE. The trial court asked the solicitor the purpose for which she was offering the prior shooting evidence under Rule 404(b). The solicitor responded the prior shooting was necessary to show motive, intent, common scheme or plan, and identity. Spears objected and argued the evidence was not clear and convincing. Spears also renewed all of his

---

1.  Bos is Spears' street name.

previous objections. The trial court found clear and convincing evidence existed to support admission of the Wal–Mart shooting testimony and admitted Hammonds' testimony of the Wal–Mart shooting as a prior bad act.

A jury found Spears guilty. The trial court sentenced Spears to thirty years' imprisonment for murder and twenty years' imprisonment for each ABWIK count, to be served concurrently. This appeal followed.

## STANDARD OF REVIEW

In criminal cases, an appellate court sits to review only errors of law, and it is bound by the trial court's factual findings unless the findings are clearly erroneous. *State v. McEachern*, 399 S.C. 125, 135, 731 S.E.2d 604, 609 (Ct.App. 2012). "The admission or exclusion of evidence is left to the sound discretion of the trial judge, whose decision will not be reversed on appeal absent an abuse of discretion." *State v. Black*, 400 S.C. 10, 16, 732 S.E.2d 880, 884 (2012). "An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." *State v. Jennings*, 394 S.C. 473, 477–78, 716 S.E.2d 91, 93 (2011).

## LAW/ANALYSIS

Spears' sole issue on appeal is that the trial court erred by failing to conduct an on-the-record balancing test to determine whether the probative value of the prior bad act testimony was substantially outweighed by the danger of unfair prejudice. We agree.

South Carolina law precludes evidence of a defendant's prior crimes or other bad acts to prove the defendant's guilt for the crime charged, except to establish: (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; or (5) the identity of the perpetrator. Rule 404(b), SCRE. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evi-

dence." Rule 403, SCRE. "Unfair prejudice means an undue tendency to suggest [a] decision on an improper basis." *State v. Gilchrist,* 329 S.C. 621, 627, 496 S.E.2d 424, 427 (Ct.App. 1998). "Once bad act evidence is found admissible under Rule 404(b), the trial court *must* then conduct the prejudice analysis required by Rule 403, SCRE." *State v. Wallace,* 384 S.C. 428, 435, 683 S.E.2d 275, 278 (2009) (emphasis added). The court may exclude the 404(b) evidence if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice to the defendant. *Id.*

This court has held if "an on-the-record Rule 403 analysis is required, [we] will not reverse the conviction if the trial judge's comments concerning the matter indicate he was cognizant of the evidentiary rule when admitting the evidence of [a defendant's] prior bad acts." *State v. King,* 349 S.C. 142, 156, 561 S.E.2d 640, 647 (Ct.App.2002). In *King,* this court determined the trial court's ruling was "a compressed Rule 403/404(b) analysis" with "some indicia of his consideration of whether admission of the testimony was fair to King (*i.e.,* more probative than prejudicial)." *Id.* at 157, 561 S.E.2d at 647.

Here, the trial court ruled Hammonds could testify as to Victim's statements about the Wal–Mart shooting pursuant to the excited utterance exception to hearsay. Immediately thereafter, the solicitor proffered the video of the Wal–Mart shooting. The trial court indicated it understood the solicitor was offering the evidence of the prior shooting "under 404 or evidence of a prior bad act." The solicitor argued testimony regarding the prior shooting was necessary to show motive, intent, common scheme or plan, and identity. Spears objected, arguing the evidence was not clear and convincing and renewed all of his previous objections, including his earlier objection that the unfair prejudice of the Wal–Mart shooting testimony substantially outweighed its probative value. The trial court found clear and convincing evidence existed to support the prior bad act, but the trial court made no further findings. We recognize the trial court did spend time expressing its concerns and questioned the solicitor on the prior shooting. However, other than finding there was clear and convincing evidence of the prior shooting and Hammonds' testimony was admissible, the trial court made no specific

findings on the record as to why the testimony had probative value, the nature of the unfair prejudice, or whether the probative value of the testimony was substantially outweighed by the danger of unfair prejudice.[2]

Furthermore, we find it is not implicit or apparent from the record that the trial court *considered* whether the probative value of the Wal–Mart shooting testimony was substantially outweighed by unfair prejudice. Unlike the trial court in *King*, here, the trial court made no indication that it considered Rule 403. Thus, if the trial court did consider the unfair prejudice of the Wal–Mart shooting testimony, it is not readily implicit or apparent from the record. For the foregoing reasons, we find the trial court erred by failing to conduct an on-the-record Rule 403 balancing test.

Having determined that the trial court erred by failing to conduct an on-the-record Rule 403 balancing test, we must next determine the proper remedy. South Carolina has not addressed the procedure for when an appellate court is unable to determine from the record whether the trial court considered Rule 403 in admitting a prior bad act under Rule 404(b). However, our courts have discussed the procedure for when the trial court fails to include a Rule 609, SCRE, balancing test on the record. *See State v. Colf*, 337 S.C. 622, 629, 525 S.E.2d 246, 249 (2000). In *Colf*, the court of appeals undertook its own Rule 609(b) balancing test. *Id.* On appeal, the supreme court held that this court should have remanded the question to the trial court instead of conducting the balancing test itself. *Id.* The court reasoned that "[i]t is difficult, if not impossible, for an appellate court to balance the interests at stake when the record does not contain the specific facts and circumstances necessary to a decision." *Id.* Furthermore, the supreme court explained, "[t]he balancing test required by Rule 609(b) *must be conducted by the trial court.*" *Id.* (emphasis added).

Similarly, in *State v. Scriven*, this court was unable to determine whether the trial court "conducted a meaningful analysis to balance the impeachment value of these prior convictions, if any, against the prejudicial impact, as clearly

---

2. Admission under an excited utterance theory would also be subject to a 403 objection and balancing analysis. *See* Rule 403, SCRE.

required under Rule 609(a)(1)." 339 S.C. 333, 344, 529 S.E.2d 71, 76 (Ct.App.2000). Because the court was unable to ascertain whether the error was harmless, we remanded to the trial court with instructions to hold a hearing on the admissibility of the prior convictions and to carefully weigh the probative value of impeachment of the prior convictions against the prejudice to the defendant. *Id.* at 344, 529 S.E.2d at 77. We further instructed that in "the event the State does not carry its burden, or the court determines that the prejudicial impact to Scriven outweighed the probative value for impeachment, the court shall order a new trial. Otherwise, subject to further appellate review, the conviction is affirmed." *Id.*

More recently, this court found that the trial court erred by not conducting a proper Rule 609(b) balancing test because it provided no analysis of the prejudicial impact of admitting the defendant's prior conviction. *State v. Howard,* 384 S.C. 212, 223, 682 S.E.2d 42, 48 (Ct.App.2009). We followed the procedure set forth in *Scriven,* and remanded for an on-the-record balancing test. *Id.*

We have reviewed other jurisdictions and found that when appellate courts cannot ascertain whether the trial court conducted a Rule 403 balancing test on the record, these courts have either: (1) determined whether the error was harmless; (2) conducted a de novo review and made a balancing decision; or (3) remanded for an on-the-record Rule 403 balancing test.

As indicated, some courts have ascertained whether the trial court's failure to conduct a Rule 403 balancing test is harmless. In *Wardlow v. State,* the Alaska Court of Appeals found the trial court committed error when it failed to conduct a balancing test under Rule 403 in admitting a witness' testimony as evidence pursuant to Rule 404. 2 P.3d 1238, 1248 (Alaska Ct.App.2000). However, the court determined the defendant failed to establish he was unfairly prejudiced. *Id.* Therefore, the court held the trial court's error in failing to conduct a Rule 403 balancing test was harmless. *Id.* Similarly, the Mississippi Supreme Court has held the failure to apply a Rule 403 balancing test on the record could be harmless error. *McKee v. State,* 791 So.2d 804, 805 (Miss.2001). In *McKee,* the trial court admitted testimony regarding the defendant's prior use of crack cocaine over the defendant's

objection. *Id.* at 806. The court found the trial court erred by not applying the Rule 403 balancing test on the record. *Id.* at 810. However, the court also found the error was harmless based on the overwhelming evidence of the defendant's guilt. *Id.*

Other courts have found the trial court's failure to conduct an on-the-record Rule 403 balancing test is not reversible error when the appellate court can undertake a de novo review of the record and conduct its own balancing test. The Tenth Circuit held it had authority to "conduct a *de novo* balancing where the trial court failed to make explicit findings to support a Rule 403 ruling" on the admission of Rule 404(b) evidence. *United States v. Lazcano–Villalobos*, 175 F.3d 838, 847 (10th Cir.1999).[3] Additionally, the Ninth Circuit explained that it reviews "for abuse of discretion a district court's decision to exclude evidence at trial." *United States v. Leo Sure Chief,* 438 F.3d 920, 925 (9th Cir.2006). "However, when the district court excludes evidence under Federal Rule of Evidence 403 but does not engage in explicit balancing, we review such a determination de novo." *Id.* (footnote omitted).

Finally, other courts have determined that remand is appropriate when the appellate court is unable to determine from the record whether the trial court implicitly made a Rule 403

---

**3.** Rule 403 of the Federal Rules of Evidence is worded differently than the South Carolina rule and provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 404(b) further provides:

(b) Crimes, Wrongs, or Other Acts.

(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible *to prove a person's character in order to show that on a* particular occasion the person acted in accordance with the character.

(2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:

(A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and

(B) do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice.

Fed.R.Evid. 404(b).

finding. In *State v. Taylor*, the Arizona Supreme Court reversed and remanded for a Rule 403 determination. 169 Ariz. 121, 817 P.2d 488, 492–93 (1991). The *Taylor* court recognized that even though the trial court did not specifically mention Rule 403 or prejudice in its analysis, "the record indicates that the court *may have been* weighing the prejudice against the probative value." *Id.* at 492. However, the court also found it could not determine whether the trial court excluded the prior conviction because it was irrelevant or because the prejudice outweighed the probative value. *Id.* The court noted that "[a] remand with instructions to conduct a Rule 403 determination may be ordered when uncertainty in a trial court's ruling might be removed." *Id.* (quoting *Shows v. M/V Red Eagle*, 695 F.2d 114, 118 (5th Cir.1983)). Accordingly, the court remanded this issue with instructions to the trial court "to make an on-the-record finding based on specific facts and circumstances." *Id.* at 493.

Likewise, in *State v. McFarland*, the West Virginia Supreme Court held that because "the factors used by the circuit court in conducting the Rule 403 balancing test do not appear on the record, this Court is unable to effectively review the circuit court's decision to admit" the prior bad act evidence in question. 228 W.Va. 492, 721 S.E.2d 62, 73 (2011). Therefore, the *McFarland* court held that the circuit court erred in failing to conduct an on-the-record balancing test required by Rule 403. *Id.* The court reversed and remanded to the trial court for a new trial. *Id.*[4]

---

4. In the absence of on-the-record prejudice versus probative value findings as to the admission of a Rule 404(b) evidence, the Fifth Circuit has found it is "obliged to remand unless the factors upon which the probative value/prejudice evaluation were made are readily apparent from the record, and there is no substantial uncertainty about the correctness of the ruling." *United States v. Robinson*, 700 F.2d 205, 213 (5th Cir.1983). In *Robinson*, the court determined that its review of the record led to uncertainty concerning the admissibility of the extrinsic offense testimony and remanded the case to the trial court for an on-the-record balancing test. *Id.* at 214. Additionally, the Seventh Circuit recognizes the district court's deference in admitting Rule 404(b) evidence, but also recognizes the appellate court's authority to "reverse if the district court failed to consider the prejudicial nature of the Rule 404(b) evidence before allowing it to be admitted." *United States v. Ciesiolka*, 614 F.3d 347, 357 (7th Cir.2010). "A 'perfunctory' analysis is insufficient." *Id.* In *Ciesiolka*, the court held that:

Having discussed the options considered by other courts, we decline to conduct a de novo Rule 403 balancing test. This decision is consistent with our supreme court's prior decision that an appellate court should not conduct its own balancing process when the trial court does not perform a Rule 609(b), SCRE, balancing test in admitting a prior conviction. *See Colf,* 337 S.C. at 629, 525 S.E.2d at 249 (noting an appellate court should not undertake the Rule 609(b) balancing test itself, but should remand the question to the trial court).

▮▮ We note the potential prejudice to Spears upon the introduction of this evidence. Spears was tried for shooting and killing Victim. The prior bad act testimony involved Spears shooting the Victim a month before the incident herein. Based upon these similarities, the jury could have determined Spears was guilty on an improper basis by relying on the Wal–Mart testimony as propensity evidence. *See State v. Wiles,* 383 S.C. 151, 158, 679 S.E.2d 172, 176 (2009) ("Unfair prejudice means an undue tendency to suggest decision on an improper basis."); *State v. Johnson,* 293 S.C. 321, 324, 360 S.E.2d 317, 319 (1987) ("[E]vidence of other crimes or prior bad acts is inadmissible to show criminal propensity."); *State v. Gore,* 283 S.C. 118, 121, 322 S.E.2d 12, 13 (1984) (stating when a "previous alleged bad act is strikingly similar to the one for which the appellant is being tried, the danger of prejudice is enhanced"); *State v. Taylor,* 399 S.C. 51, 61, 731 S.E.2d 596, 601 (Ct.App.2011) (recognizing the prejudicial effect of admitting "evidence of other crimes, wrongs, or acts based upon the degree of similarity with the charged crime"). Moreover, based upon the record herein, we are unable to say that the admission of the prior bad act testimony was harmless error. *See Black,* 400 S.C. at 27, 732 S.E.2d at 890 ("In applying the harmless error rule, the court must be able to declare the error had little, if any, likelihood of having

---

[T]he district court abused its discretion in failing to propound reasons for its conclusion that the probative value of [defendant's prior bad acts] was not substantially outweighed by the risk of unfair prejudice. We have reviewed the transcript of the district court's Rule 404(b) hearing, but could find no portion within it where the court explained its bare-bones conclusion that "the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice."

*Id.*

changed the result of the trial and the court must be able to declare such belief beyond a reasonable doubt."); *Scriven*, 339 S.C. at 344, 529 S.E.2d at 77 ("On the basis of this record, we are unable to say that the admission of these prior convictions was harmless error."). Accordingly, we find it appropriate to remand for an on-the-record Rule 403 balancing test.

## CONCLUSION

Based on the trial court's failure to conduct a Rule 403 balancing test to determine if the probative value of the prior shooting testimony is substantially outweighed by the danger of unfair prejudice to Spears, we remand with instructions for the trial court to conduct an on-the-record balancing test. If upon remand the trial court determines the probative value of the prior shooting testimony is substantially outweighed by the danger of unfair prejudice to Spears, the court should order a new trial. If the trial court determines the probative value of the prior shooting testimony is not substantially outweighed by the danger of unfair prejudice to Spears, the conviction shall be affirmed subject to the right of appellate review.

**REMANDED.**

FEW, C.J., and WILLIAMS, J., concur.