**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Leroy Clifton Gibbs, III, Appellant.

Appellate Case No. 2013-001297

Appeal From Sumter County
W. Jeffrey Young, Circuit Court Judge

Unpublished Opinion No. 2016-UP-121
Submitted January 1, 2016 – Filed March 2, 2016

**AFFIRMED**

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mary Williams Leddon, both of Columbia; and Solicitor Ernest Adolphus Finney, III, of Sumter, for Respondent.

**PER CURIAM:** Leroy Clifton Gibbs, III, appeals his convictions for trafficking cocaine base more than 10 grams but less than 28 grams, manufacturing cocaine base, and possession with the intent to distribute cocaine, arguing the trial court

erred when it (1) arbitrarily denied his motion to represent himself at trial; (2) admitted evidence Gibbs allegedly distributed crack cocaine on three prior occasions at the residence where he was arrested; and (3) denied his motion for a mistrial.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court arbitrarily denied Gibbs's motion to represent himself at trial:  *State v. Samuel*, 414 S.C. 206, 211, 777 S.E.2d 398, 401 (Ct. App. 2015) ("The question of whether court appointed counsel should be discharged is a matter addressed to the discretion of the trial judge.  Only in a case of abuse of discretion will this [c]ourt interfere." (quoting *State v. Sims*, 304 S.C. 409, 414, 405 S.E.2d 377, 380 (1991))); *State v. Starnes*, 388 S.C. 590, 600, 698 S.E.2d 604, 610 (2010) ("The right to self-representation, however, is not absolute."); *State v. Fuller*, 337 S.C. 236, 241, 523 S.E.2d 168, 170 (1999) ("A defendant's right to waive the assistance of counsel is not unlimited.  The request to proceed *pro se* must be clearly asserted by the defendant prior to trial."); *Samuel*, 414 S.C. at 212, 777 S.E.2d at 401 ("The right of self-representation does not exist to be used as a tactic for delay, for disruption, for distortion of the system, or for manipulation of the trial process."); *id.* ("A trial court must be permitted to distinguish between a manipulative effort to present particular arguments and a sincere desire to dispense with the benefits of counsel." (quoting *United States v. Frazier-El*, 204 F.3d 553, 560 (4th Cir. 2000))).

2.  As to whether the trial court erred when it admitted evidence Gibbs allegedly distributed crack cocaine on three prior occasions at the residence where he was arrested:  *State v. Stokes*, 381 S.C. 390, 398, 673 S.E.2d 434, 438 (2009) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion." (citing *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006))); *State v. McEachern*, 399 S.C. 125, 137, 731 S.E.2d 604, 610 (Ct. App. 2012) ("When a party introduces evidence about a particular matter, the other party is entitled to introduce evidence in explanation or rebuttal thereof, even if the latter evidence would have been incompetent or irrelevant had it been offered initially."); *State v. Culbreath*, 377 S.C. 326, 333, 659 S.E.2d 268, 272 (Ct. App. 2008) ("[A] defendant may open the door to what would be otherwise improper evidence through his own introduction of evidence or witness examination."); *State v. King*, 334 S.C. 504, 512, 514 S.E.2d 578, 582 (1999) ("South Carolina law precludes evidence of a defendant's prior crimes or other bad acts to prove the defendant's guilt for the crime charged except to establish (1)

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

motive, (2) intent, (3) the absence of mistake or accident, (4) a common scheme or plan, or (5) the identity of the perpetrator." (citing *State v. Lyle*, 125 S.C. 406, 118 S.E.2d 803 (1923))); *State v. King*, 349 S.C. 142, 153, 561 S.E.2d 640, 645 (Ct. App. 2002) ("To admit prior bad acts regarding drugs under the *Lyle* exception, there must be a logical relevance between the acts in question and the purpose for the introduction."); *State v. Cheeseboro*, 346 S.C. 526, 548, 552 S.E.2d 300, 311 (2001) ("Under Rule 401, SCRE, evidence is relevant if it has a direct bearing upon and tends to establish or make more or less probable the matter in controversy."); *King*, 349 S.C. at 153, 561 S.E.2d at 645 ("[E]vidence of drug use or distribution must be clear and convincing." (citing *State v. Dickerson*, 341 S.C. 391, 399, 535 S.E.2d 119, 123 (2000))); *Stokes*, 381 S.C. at 404 n.14, 673 S.E.2d at 441 n.14 ("'Clear and convincing' evidence is an intermediate degree of proof 'which will produce in the mind of the trier of facts a firm belief as to the allegations sought to be established.'" (quoting *Anonymous v. State Bd. of Med. Examiners*, 329 S.C. 371, 374 n.2, 496 S.E.2d 17, 18 n.2 (1998))); *State v. Spears*, 403 S.C. 247, 253, 742 S.E.2d 878, 881 (Ct. App. 2013) ("Once bad act evidence is found admissible under Rule 404(b), the trial court *must* then conduct the prejudice analysis required by Rule 403, SCRE." (quoting *State v. Wallace*, 384 S.C. 428, 435, 683 S.E.2d 275, 278 (2009))); *King*, 349 S.C. at 156, 561 S.E.2d at 647 ("Though an on-the-record Rule 403 analysis is required, this [c]ourt will not reverse the conviction if the trial [court's] comments concerning the matter indicate [it] was cognizant of the evidentiary rule when admitting the evidence of [the defendant's] prior bad acts.").

3.  As to whether the trial court erred in denying Gibbs's motion for a mistrial: *Culbreath*, 377 S.C. at 331, 659 S.E.2d at 271 ("Whether to grant or deny a mistrial motion is a matter within the trial court's sound discretion, and the court's decision will not be disturbed on appeal absent an abuse of discretion amounting to an error of law."); *id* ("In order to receive a mistrial, a defendant must show error and resulting prejudice."); *id.* ("It is only in cases of abuse of discretion which result in prejudice that this court will intervene and grant a new trial.").

**AFFIRMED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**