**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Julius Curry, Appellant.

Appellate Case No. 2014-000569

―――――――――

Appeal From Chesterfield County
Paul M. Burch, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2016-UP-224
Submitted January 1, 2016 – Filed June 1, 2016

―――――――――

**AFFIRMED**

―――――――――

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General Deborah R.J. Shupe,
both of Columbia; and Solicitor William Benjamin
Rogers, Jr., of Bennettsville, for Respondent.

―――――――――

**PER CURIAM:** Julius Curry appeals his convictions for first degree assault and battery, second degree assault and battery, and resisting arrest with a deadly weapon. We affirm.[1]

Initially, we note Curry argues this court erred in remanding this case for reconstruction of the jailhouse recordings. Rule 212(a), SCACR, gives this court the ability to "require copies of all or any part of the transcript of proceedings or other matter which was before the lower court." Here, the recordings were unavailable from the court reporter. Accordingly, this court acted within its discretion in remanding the case to the trial court for a reconstruction of the content of the recordings. Furthermore, we find the trial court did not err in finding the record was adequately reconstructed. *See State v. Ladson*, 373 S.C. 320, 324, 644 S.E.2d 271, 273 (Ct. App. 2007) ("The authority of the trial court in South Carolina to reconstruct the record for appellate purposes aligns our state with the majority of jurisdictions that hold 'the inability to prepare a complete verbatim transcript, in and of itself, does not necessarily present a sufficient ground for reversal.'" (quoting *Smith v. State*, 433 A.2d 1143, 1148 (Md. 1981))); *id.* at 325, 644 S.E.2d at 273-74 (concluding a reconstructed record on appeal must allow for "meaningful appellate review," and a new trial is only appropriate if the appellant establishes "the incomplete nature of the transcript prevents the appellate court from conducting a 'meaningful appellate review.'" (*quoting In re D.W.*, 615 S.E.2d 90, 94 (2005))).

Second, we find the trial court did not err in allowing the jailhouse recordings to be published before the jury, even if they were not formally admitted into evidence. *See State v. Spears*, 403 S.C. 247, 252, 742 S.E.2d 878, 880 (Ct. App. 2013) ("In criminal cases, an appellate court sits to review only errors of law, and it is bound by the trial court's factual findings unless the findings are clearly erroneous."); Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Rule 402, SCRE ("All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of South Carolina, statutes, these rules, or by other rules promulgated by the Supreme Court of South Carolina."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law.").

Finally, we find no error in the trial court's determination the jailhouse phone calls' probative value was not substantially outweighed by their prejudicial impact based on the reconstruction hearing. *See Spears*, 403 S.C. at 252, 742 S.E.2d at 880 ("In criminal cases, an appellate court sits to review only errors of law, and it is bound by the trial court's factual findings unless the findings are clearly erroneous."); Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Rule 402, SCRE ("All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of South Carolina, statutes, these rules, or by other rules promulgated by the Supreme Court of South Carolina."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *Pagan*, 369 S.C. at 208, 631 S.E.2d at 265 ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law.").

**AFFIRMED.**

**HUFF, A.C.J., and WILLIAMS and THOMAS, JJ., concur.**