**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Michael Edward Williams, Appellant.

Appellate Case No. 2014-002241

Appeal From Greenville County
Steven H. John, Circuit Court Judge

Unpublished Opinion No. 2017-UP-026
Submitted November 1, 2016 – Filed January 11, 2017

**AFFIRMED**

Appellate Defender LaNelle Cantey DuRant, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General John Benjamin Aplin,
both of Columbia; and Solicitor William Walter Wilkins,
III, of Greenville, all for Respondent.

**PER CURIAM:** Michael E. Williams appeals his conviction of third-degree
criminal sexual conduct with a minor, arguing the trial court erred by (1) ruling
that section 17-23-175 of the South Carolina Code (2014) does not violate the

confrontation clause and (2) admitting a video recording of a forensic interview of the minor victim.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred by ruling section 17-23-175 was constitutional: *State v. Spears*, 403 S.C. 247, 252, 742 S.E.2d 878, 880 (Ct. App. 2013) ("In criminal cases, an appellate court sits to review only errors of law, and it is bound by the trial court's factual findings unless the findings are clearly erroneous."); U.S. Const. amend VI (guaranteeing a criminal defendant the right "to be confronted with the witnesses against him"); *State v. Hill*, 394 S.C. 280, 291, 715 S.E.2d 368, 374-75 (Ct. App. 2011) ("[T]he Confrontation Clause places no constraints at all on the use of the declarant's prior testimonial statements when the declarant appears for cross-examination at trial."); *State v. Stokes*, 381 S.C. 390, 401-02, 673 S.E.2d 434, 439 (2009) ("[A]s to cross-examination specifically, the Confrontation Clause 'guarantees only an **opportunity** for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" (quoting *United States v. Owens*, 484 U.S. 554, 559 (1988))); § 17-23-175(A) ("[A]n out-of-court statement of a child is admissible if . . . (3) the child testifies at the proceeding and is subject to cross-examination on the elements of the offense and the making of the out-of-court statement . . . ."); *State v. Anderson*, 413 S.C. 212, 217-18, 776 S.E.2d 76, 78-79 (2015) (holding a defendant's Confrontation Clause rights are not violated as long as a minor victim testified at trial and was subject to cross-examination); *id.* at 218, 776 S.E.2d at 79 (finding the fact "[t]hat [the defendant] would have to recall the child as an adverse witness in order to examine her about her videotaped statement does not render the statute or the procedure followed here violative of a defendant's Sixth Amendment right to cross-examination").

2. As to whether the trial court erred by admitting the forensic interview: *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); § 17-23-175(A) ("[A]n out-of-court statement of a child is admissible if . . . (4) the court finds, in a hearing conducted outside the presence of the jury, that the totality of the circumstances surrounding the making of the statement provides particularized guarantees of trustworthiness."); § 17-23-175(B) ("In determining whether a statement possesses particularized guarantees of trustworthiness, the

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

court may consider, but is not limited to, the following factors: (1) whether the statement was elicited by leading questions; (2) whether the interviewer has been trained in conducting investigative interviews of children; (3) whether the statement represents a detailed account of the alleged offense; (4) whether the statement has internal coherence; and (5) sworn testimony of any participant which may be determined as necessary by the court."); *State v. Tyner*, 273 S.C. 646, 653, 258 S.E.2d 559, 563 (1979) ("A leading question is one which suggests to the witness the desired answer."); *State v. Kromah*, 401 S.C. 340, 360, 737 S.E.2d 490, 500 (2013) (holding a forensic interviewer may testify regarding (1) "the time, date, and circumstances of the interview"; (2) "any personal observations regarding the child's behavior or demeanor"; (3) "or a statement as to events that occurred within the personal knowledge of the interviewer").

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**