**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

David L. Hill, Jr., Appellant.

Appellate Case No. 2021-000749

---

Appeal From Sumter County
R. Kirk Griffin, Circuit Court Judge

---

Unpublished Opinion No. 2023-UP-349
Submitted October 1, 2023 – Filed October 25, 2023

---

**AFFIRMED**

---

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor Ernest Adolphus Finney, III, of Sumter, all for Respondent.

---

**PER CURIAM:** David Hill, Jr., appeals his convictions for attempted murder, second-degree assault and battery, and two counts of resisting arrest, and

concurrent sentences of twelve years' imprisonment for attempted murder, three years' imprisonment for second-degree assault and battery, and one-year imprisonment for each count of resisting arrest. On appeal, Hill argues the trial court erred by admitting a portion of a recording of a 911 call, admitting footage captured by a police-worn body camera, and refusing to instruct the jury on second-degree assault and battery as a lesser-included offense of attempted murder. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. We hold the trial court did not abuse its discretion by admitting the challenged portion of the 911 call because it was relevant and its probative value was not substantially outweighed by the danger of unfair prejudice. *See State v. Black*, 400 S.C. 10, 16, 732 S.E.2d 880, 884 (2012) ("The admission or exclusion of evidence is left to the sound discretion of the trial [court], whose decision will not be reversed on appeal absent an abuse of discretion." (quoting *State v. Saltz*, 346 S.C. 114, 121, 551 S.E.2d 240, 244 (2001))); *State v. Jennings*, 394 S.C. 473, 477-78, 716 S.E.2d 91, 93 (2011) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000))); Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Rule 403, SCRE (explaining a trial court may exclude relevant evidence if the danger of unfair prejudice substantially outweighs its probative value); *State v. Spears*, 403 S.C. 247, 253, 742 S.E.2d 878, 881 (Ct. App. 2013) ("Unfair prejudice means an undue tendency to suggest [a] decision on an improper basis." (alteration in original) (quoting *State v. Gilchrist*, 329 S.C. 621, 627, 496 S.E.2d 424, 427 (Ct. App. 1998))); S.C. Code Ann. § 16-3-29 (2015) ("A person who, with intent to kill, attempts to kill another person with malice aforethought, either expressed or implied, commits the offense of attempted murder."). The 911 call was relevant because it explained why law enforcement arrived at the scene, and it demonstrated Hill's mental state immediately prior to him striking Roger Goden with his car. Therefore, the 911 call had a tendency to prove Hill acted with malice and with the specific intent to kill. Similarly, the probative value of the 911 call was high because it allowed the jury to fairly judge Hill's mental state in the moments before he struck Goden with his car. Although a portion of the 911 call posed a danger of unfair prejudice in light of a discussion of other conduct not before the jury, that danger did not substantially outweigh the call's high probative value. *See State v. Adams*, 322 S.C. 114, 119, 470 S.E.2d 366, 369 (1996) ("The evidence . . . obviously is highly prejudicial. However, its

probative value is also high because the evidence tends to establish [defendant's] intent . . . . The trial [court] properly admitted this evidence.").

2. We hold the trial court did not abuse its discretion by admitting the body camera footage because it was relevant and its probative value was not substantially outweighed by the danger of unfair prejudice. *See Black*, 400 S.C. at 16, 732 S.E.2d at 884 ("The admission or exclusion of evidence is left to the sound discretion of the trial [court], whose decision will not be reversed on appeal absent an abuse of discretion." (quoting *Saltz*, 346 S.C. at 121, 551 S.E.2d at 244)); *Jennings*, 394 S.C. at 477-78, 716 S.E.2d at 93 ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *Cantrell*, 339 S.C. at 389, 529 S.E.2d at 539)); *State v. Collins*, 409 S.C. 524, 534, 763 S.E.2d 22, 28 (2014) ("A trial [court]'s decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances." (quoting *State v. Adams*, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003))). We find the video was relevant because it showed Hill's willful intent to assault officers, corroborated officer testimony, and showed Hill requesting officers read his constitutional rights, which demonstrated he knew or should have known the men were law enforcement officers. *See* Rule 401, SCRE (defining relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"). Similarly, the probative value of the video was high because it showed Hill asking officers to read him his constitutional rights, indicating that Hill knew or should have known the men were police officers, which was probative of an element of assault on an officer while resisting arrest. *See* S.C. Code Ann. § 16-9-320(A) (2015) ("It is unlawful for a person [to] knowingly and wil[l]fully . . . resist an arrest being made by one whom the person knows or reasonably should know is a law enforcement officer, whether under process or not."). Although the video depicted Hill in a belligerent state and using profanity, this conduct was not enough to substantially outweigh the probative value of the video. *See* Rule 403, SCRE (explaining a trial court may exclude relevant evidence if the danger of unfair prejudice substantially outweighs its probative value); *State v. Dial*, 405 S.C. 247, 260, 746 S.E.2d 495, 502 (Ct. App. 2013) ("A trial judge is not required to exclude relevant evidence merely because it is unpleasant or offensive." (quoting *State v. Martucci*, 380 S.C. 232, 250, 669 S.E.2d 598, 607 (Ct. App. 2008))).

3. We hold the trial court did not abuse its discretion by refusing to instruct the jury on second-degree assault and battery as a lesser-included offense of the

attempted murder of Goden because there was no evidence to support the instruction. *See State v McGowan*, 430 S.C. 373, 379, 845 S.E.2d 503, 505 (Ct. App. 2020) ("An appellate court will not reverse a [trial] court's decision regarding a jury instruction unless there is an abuse of discretion."); *State v. Geiger*, 370 S.C. 600, 607, 635 S.E.2d 669, 673 (Ct. App. 2006) ("To justify charging the lesser crime, the evidence presented must allow a rational inference the defendant was guilty only of the lesser offense."). The evidence showed Hill striking Goden with his car and pinning Goden against another car. Regarding the extent of his injuries, Goden testified he had two surgeries on his foot and had to wear a wound VAC[1] for eight months following the incident. Goden further described that the injury on his foot was down to the bone and required a skin graft. He explained he also suffered burns on his foot and leg from where they were dragged against the gravel pavement and pushed against the radiator of another car. The trial court instructed the jury on attempted murder and the lesser-included offenses of assault and battery of a high and aggravated nature and first-degree assault and battery. Based on the foregoing, there was no evidence presented that the degree of injury was anything less than great bodily injury or that the act was accomplished by anything other than means likely to produce death or great bodily injury. *See* S.C. Code Ann. § 16-3-600(C)(1)(b)(i) (2015) ("A person commits the offense of assault and battery in the first degree if the person unlawfully . . . offers or attempts to injure another person with the present ability to do so, and the act is accomplished by means likely to produce death or great bodily injury. . . ."); S.C. Code Ann. § 16-3-600(D)(1) (2015) ("A person commits the offense of assault and battery in the second degree if the person unlawfully injures another person, or offers or attempts to injure another person with the present ability to do so, and moderate bodily injury to another person results or moderate bodily injury to another person could have resulted."); *compare* S.C. Code Ann. § 16-3-600(A)(1) (2015) (defining "[g]reat bodily injury" as a "bodily injury [that] causes a substantial risk of death or [that] causes serious, permanent disfigurement or protracted loss or impairment of the function of a bodily member or organ"), *with* S.C. Code Ann. § 16-3-600 (Supp. 2022)(defining "[m]oderate bodily injury" as a physical injury that causes (1) prolonged loss of consciousness; (2) temporary or moderate disfigurement; (3) temporary loss of the function of a bodily member or

---

[1] A wound VAC (Vacuum-Assisted Closure) is a therapeutic device that uses a suction pump, tubing, and a dressing to promote healing of a wound. The tubing is attached to the dressing covering the wound and to a portable pump that must be carried around during the course of treatment.

organ; (4) an injury that requires the use of regional or general anesthesia during treatment; or (5) a fracture or dislocation).

**AFFIRMED.**[2]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.